## L. Frank Markel & Sons, Inc., v. Weaver

320

*Leonard F. Markel, Jr.*, for plaintiff.

*James J. Himsworth, Jr.*, and *Waters, Fleer, Cooper & Gallager*, for defendants.

QUINLAN, J., June 18, 1963.—This matter is before the court upon plaintiff's motion to amend its complaint, as well as upon its specific objections to defendants' interrogatories.

This action in equity was instituted by plaintiff on December 20, 1962. In its complaint, plaintiff alleged that defendants, as employes of plaintiff, took information and materials from plaintiff relating to the manufacture of expanded heat shrinkable tubing, a business in which plaintiff was engaged, and independently of plaintiff and without plaintiff's knowledge worked to develop a process or processes for the manufacture of expanded heat shrinkable tubing. It was further alleged that defendants held weekly meetings with other project engineers employed by plaintiff and thereby obtained information on this heat shrinkable tubing project from such engineers of plaintiff, and that defendant collaborated with a third person who was an

employe of another manufacturing company in the development of this process. The complaint further alleged that defendants built machinery for the production of this expanded heat shrinkable tubing and that ownership of all these processes, machinery, finished products, memorandum and shop notes made and developed by defendants after September 1, 1961, relating to expanded heat shrinkable tubing is in plaintiff. Plaintiff sought both a preliminary and permanent injunction to protect its alleged property rights in the processes, materials, ideas and concepts relating to this manufacturing process.

In its present motion to amend its complaint, plaintiff contends that this complaint was prepared in a two-day period and that plaintiff at that time was not in possession of the information which was disclosed at the hearing on the preliminary injunction and which it now seeks to incorporate into its complaint by way of an amendment. Plaintiff now seeks to add to its complaint paragraphs 12 and 19, which state in effect that it, plaintiff, disclosed certain trade secrets, techniques, formulae, concepts and ideas as to the manufacture of expanded heat shrinkable tubing to defendants in confidence and that defendants, in violation of the obligations and trusts imposed upon them as Markel employes, breached the confidential relationship by appropriating these trade secrets, etc., and making them known to persons outside of the employ of Markel. Defendants oppose the amendments on the grounds that they changed plaintiff's theory after an adjudication on the preliminary injunction.

Pa. R. C. P. No. 1033 provides that: "A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action . . . or amend his pleading. The amended pleading may aver transactions or occurrences which have happened be-

fore or after the filing of the original pleading, even though they give rise to a new cause of action or defense . . ."

We believe that the amendment which is proposed by plaintiff in the instant matter is in compliance with Rule 1033 and should be allowed. It is our opinion that paragraphs 12 and 19 do not change the theory of plaintiff's case but merely set forth with more particularity the averments of plaintiff's original cause of action as set forth in its first complaint.

In its first complaint, plaintiff alleged that as a result of weekly meetings with other project engineers in the employ of plaintiff, defendants obtained information relating to the project in question, paragraph 11, and that defendants also collaborated with a third person outside the employ of plaintiff, which person was in the employ of a manufacturing concern, paragraph 21. We do not believe that the new allegations in paragraph 12 and 19 drastically changed plaintiff's theory after an adjudication by the court on the preliminary injunction.

It should also be noted that the allowance of this motion does not in any way change plaintiff's burden of proof in establishing the averments in the amendments at the hearing on the permanent injunction. Plaintiff must still come forward and prove to the satisfaction of the court the divulgence of these trade secrets and the alleged subsequent breach of the confidential relationship between the parties. We will, therefore, allow the amendment which plaintiff seeks.

Plaintiff also makes a number of specific objections to the defendants' interrogatories. Since defendants have withdrawn interrogatory number two, we need not discuss the objection made thereto.

In interrogatory number three, defendants seek to discover plaintiff's gross sales of expanded heat shrinkable tubing for the years 1961, 1962, and the first

quarter of 1963. Plaintiff objects to such a request on the grounds that its gross sales of expanded heat shrinkable tubing is irrelevant to the issues involved. We do not agree. Plaintiff has alleged that it is in the business of selling expanded heat shrinkable tubing and that the actions of defendants in developing this process for the manufacture of such tubing has and will greatly harm plaintiff. Whether or not defendants' activities have placed them in competition with plaintiff will depend largely on whether or not plaintiff is in the tubing business and, if so, to what extent. This should be reflected in plaintiff's gross sales in expanded heat shrinkable tubing. Interrogatory number three will therefore be allowed.

Plaintiff next objects to interrogatory no. 28 which requires plaintiff to state whether or not the president of plaintiff-corporation or anyone else offered to purchase the equipment developed by defendants or to pay compensation to them for the time and materials expended by them in the development of the processes involved. This interrogatory asks for the precise nature of said offer, including all the terms thereof. The plaintiff contends that any such offer was made in conjunction with settlement negotiations and is therefore not the proper subject for discovery. Again, we do not agree. Such a proposal, if one was made, would further explain paragraph 22 of plaintiff's complaint which states that defendants submitted a proposal to plaintiff for the licensing and sale of the processes and machinery in question. An answer to interrogatory no. 28 might indicate what plaintiff's reaction to defendants' proposal was. Interrogatory no. 28 will therefore be allowed.

Plaintiff objects to interrogatories number seven and no. 29 on the grounds that they require information which plaintiff has acquired in anticipation of litigation or in preparation for trial. Interrogatories nos. 7 and

29 seek the names of witnesses to defendants' contract of employment and all other persons having knowledge of any of the facts relating to the case and whether such persons will be proposed as witnesses in the trial of this matter. Such information does not come under the privilege of Pa. R. C. P. No. 4011(d) which protects information obtained in anticipation of trial: Altschuler v. Vance, 74 Montg. 204 (1957). Moreover Pa. R. C. P. No. 4007(a) specifically permits the discovery of the "identity and whereabouts of witnesses." We will, therefore, allow interrogatories no. 7 and no. 29.

Plaintiff also objects to interrogatories nos. 21, 22, 24 and 26 on the grounds that they seek information which plaintiff acquired in anticipation of litigation or in preparation for trial. Interrogatory no. 21 requests "evidence" which plaintiff may have to establish that defendants utilized confidential information in the development of the processes in question. Interrogatory no. 22 seeks information relating to whether or not certain employes of plaintiff had knowledge of defendants' activities outside of the employ of plaintiff and when and by whom such knowledge was obtained. Interrogatory no. 24 seeks information as to when, where and from what employes of plaintiff specific information regarding the processes involved was sought by defendants. Interrogatory no. 26 requests information as to what businesses, in competition with plaintiff in this particular field, were the recipients of information as a result of defendants' activities. Interrogatories no. 21 and no. 22 in our opinion seek information which was obtained by plaintiff in anticipation or preparation for trial and, therefore, should be disallowed. On the other hand, interrogatories nos. 24 and 26 simply ask plaintiff to state with more particularity the allegations which it has included in paragraphs 12

and 19 of its amended complaint. These interrogatories will therefore be allowed.

Plaintiff's next objection is to interrogatories nos. 14, 16, and 18, on the grounds that they compel the disclosure of secret processes, development and research which is protected by Pa. R. C. P. 4011(c). Interrogatory no. 14 asks whether the plaintiff has been engaged in experimentation, etc., of a process for the expansion of heat shrinkable tubing and, if so, for how long and the precise nature thereof and by whom such projects were assigned and/or performed. This interrogatory has relevance to this cause of action in that plaintiff bases its case upon the fact that it has engaged in the business of manufacturing heat shrinkable tubing. The interrogatory will, therefore, be allowed except for that portion which requires "precise nature" of plaintiff's experimentation and development or refinement of the process for the expansion of heat shrinkable tubing. This portion should be disallowed as it may require the disclosure of a secret process which plaintiff owns.

Interrogatory no. 16 seeks in detail the duties which were assigned to defendants as alleged in the complaint and by whom and when these duties were assigned. We do not believe that the answer to this question would compel the disclosure of a secret process and, therefore, this interrogatory will be allowed.

Interrogatory no. 18 asks whether defendants had access to trade secrets, etc., relating to the expansion of heat shrinkable tubing and, if so, what precautions were taken by plaintiff to maintain secrecy of this information and why plaintiff believes such information is secret knowledge. We do not believe that plaintiff would be required to disclose any secret process merely by answering the question whether or not defendants had access to trade secrets and what precautions plaintiff took to maintain secrecy of this information. How-

ever, since in order for plaintiff to state the factual basis for its classifying such information as secret knowledge it may have to disclose the nature of the alleged trade secret, we do not think that this portion of the interrogatory should be allowed.

Finally, plaintiff objects to interrogatories nos. 11 and 22 on the basis that in violation of Pa. R. C. P. 4011(b) and (e), they would require an unreasonable annoyance and expense to plaintiff, as well as require the making of an unreasonable investigation. Interrogatory no. 11 requests plaintiff to state each and every project assigned to either of defendants during their term of employment with plaintiff. Defendants argue that this interrogatory merely calls for the production of an assignment sheet maintained by plaintiff at the time of the preliminary hearing. If plaintiff can answer such question merely by the production of such an assignment sheet, then such an assignment sheet should be produced. However, to require plaintiff to state specifically every project that has been assigned to defendants without the aid of such a sheet is, in our opinion, an unreasonable burden and should not be required. Plaintiff will, therefore, only be required to state the assignments of defendants which are contained on such assignment sheet.

Interrogatory no. 22 which has already been covered in this opinion under another objection has been disallowed so that we need not discuss it at this point.

### Order

And now, June 18, 1963, for the foregoing reasons, plaintiff is given 20 days leave to file its amended complaint.

Plaintiff is further directed to answer the following interrogatories of defendants: nos. 3, 7, 16, 24, 26, 28 and 29. Plaintiff is also directed to answer interroga-

tory no. 14 except for that portion which requires plaintiff to reveal "the precise nature" of its activities in the field of the expansion of heat shrinkable tubing.

Plaintiff is directed to answer interrogatory no. 18 except for that portion which requires plaintiff to reveal the factual basis for its belief that the information accessible to defendants is the secret knowledge of plaintiff.

Plaintiff is further directed to answer interrogatory no. 11 only to the extent that such interrogatory can be answered by reference to an assignment sheet now in the possession of plaintiff.

Plaintiff's objections to interrogatories nos. 21 and 22 are sustained.